Per Curiam.

As nearly as can be determined from petitioner’s brief and argument, he is contending that Ohio waived its right to imprison him further when he was released to Kentucky in 1959 for prosecution by that state, and that he was returned from Kentucky to Ohio illegally.
So far as the claim of petitioner that Ohio lost its rights over him when he was released to Kentucky is concerned, this argument is not well taken. It is now well established that the release of an accused or a parolee by one sovereignty to another, so that the receiving sovereignty may enforce its criminal laws against him, neither estops the releasing state nor constitutes a waiver of jurisdiction over the accused or parolee *299 which will prevent the releasing state from subsequently either enforcing a previously imposed sentence or subjecting the accused or parolee to further criminal proceedings. Guerrieri v. Maxwell, Warden, 174 Ohio St., 40; and Heston v. Green, Supt., 174 Ohio St., 291.
In relation to petitioner’s argument that his return to Ohio from Kentucky was illegal, the evidence shows that he waived extradition.

Petitioner remanded to custody.

Taet, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.